HON. JAMES BARRETT,  
HON. ASAHEL PECK,   } ASSISTANT JUDGES.  
HON. TIMOTHY P. REDFIELD,

---

## C. B. BARRETT *v.* RUSSELL & FLINT.

### *Partnership.*

When negotiable paper is rightly taken payable to a partnership, any member of the part
nership has authority to bind the firm by indorsing it in the firm name to a *bona fide*
purchaser for value, in due course of business, even though, as between the partners,
such paper was the sole property of the partner indorsing it, and the partners had agreed
that no member should indorse paper to make the others liable.

ASSUMPSIT on a bill of exchange for $1,000, dated May 13, 1869, drawn by Snead on Dean, payable to the order of the defendants sixty days after sight, accepted on. the day of date, and indorsed by the defendants to the plaintiff. Plea, the general issue, with notice. Trial by the court, December term, 1871, Ross, J., presiding.

Flint alone defended. The court found that the plaintiff purchased said bill of exchange in the usual course of business, in good faith, for value, before maturity, and that at the time of purchase, he did not know for what it was given, and never knew, except from hearsay. There was no direct evidence to show what the consideration of the bill to the defendants was. At the time of drawing the bill, the defendants were partners as owners and in selling territory for a patent nailless horse-shoe, and in no other business. They operated together in making sales of territory during the season of 1868, and till about the 1st of April, 1869. In these sales, they took notes running to themselves jointly, and other property. These notes and other property they divided about the 1st of April, 1869, and Russell took some horses, belonging to himself, to Boston for sale, and then returned to his residence in Illinois. Massachusetts was sold to parties in February, 1868, and New Hampshire, about the same time in 1869, which was the last sale they made together. When the defendant Russell left for Boston, he had a general power of attorney to sell territory, and to sign Flint's name to the deeds thereof. He had no authority to indorse the company name, except such as was derived from his power to make sales and deeds of territory, and to receive pay therefor. It was understood between the defendants that neither should indorse paper to make the other liable. Flint never received any of the avails of said bill of exchange, nor knew for what it was given. No question about presentment and notice was made. The bill was first purchased of the defendants by one Davis, and indorsed in blank by Russell with the name of Russell & Flint. Davis received it in part payment for a stable which he sold to one Johnson, who took it, as Davis understood, on a debt the defendants owed Johnson for keeping horses. Russell indorsed the bill and delivered it directly to Davis. At the time of the indorsement, the defendants jointly owed Johnson nothing for keeping horses, but whether Russell did or not, did not appear.

The court decided that the presumption was that the bill was given in payment for territory sold by Russell under his power of attorney, and that Russell had authority, implied from his power to sell, deed, and receive pay for territory, to indorse the bill in the

company name, and rendered judgment against both defendants for the amount of said bill; to which the defendant Flint excepted.

—————— ————, for the defendants, cited *Waller* v. *Keyes*, 6 Vt. 257 ; Chitty on Bills, 48 ; 2 Caines, 246 ; *Pratt* v. *Page*, 32 Vt. 13.

*Belden & May*, for the plaintiff, cited Edw. on Bills, 96 ; *Vernon* v *Manhattan Co.* 17 Wend. 524 ; Parsons Part. 99, 103 ; *Gansevoort* v. *Williams*, 14 Wend. 133 ; Story Prom. Notes, §128 ; *Doty* v. *Bates*, 11 Johns. 544 ; *Swan* v. *Steele*, 7 East, 210 ; *Rid-ley* v. *Taylor*, 13 East, 175 ; *Griffith* v. *Buffum*, 22 Vt. 181 ; Parsons Part. 129.

The opinion of the court was delivered by

BARRETT, J. The defendants were partners when this bill was drawn in their favor and indorsed in their partnership name by one of the firm. The taking of such paper was in the time of the partnership business. Either partner was authorized to take such paper, and for the purpose of making it available, each was authorized to use the partnership name in indorsing it, even if, as between the partners, such paper should become and be the sole property of one of the partners. It being payable to the partnership, of course a legal transfer for commercial purposes would require an indorsement in the name of the payees. The right to make such indorsement by the partner holding such paper, is, as to parties taking such paper *bona fide*, in due course of legitimate transfer, beyond question. The law of the subject as applicable to this case, needs no elaboration at this day. It is amply pronounced, developed, and applied in many cases, and in all the treatises on commercial paper. See those cited by counsel for plaintiff; and there is nothing to the contrary.

Judgment is affirmed.